T.C. Memo. 2007-277


UNITED STATES TAX COURT


STACY L. NOBLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22091-05.              Filed September 13, 2007.

        P filed a Federal income tax return for 2004,
claiming dependency exemption deductions, head of
household filing status, child tax credits, and an
earned income credit.  R disallowed the claimed
deductions, filing status, and credits, and determined
a deficiency.

        <u>Held</u>: P is liable for the deficiency determined
by R.


Stacy L. Nobles, <u>pro se</u>.

<u>Brooke W. Patterson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition
for a redetermination of a deficiency.  The issues for decision
are whether petitioner is entitled to the following: (1) Two
dependency exemption deductions, (2) head of household filing
status, (3) two child tax credits, and (4) an earned income
credit.[1]

FINDINGS OF FACT

Some of the facts have been stipulated by the parties.
These stipulations, with accompanying exhibits, are incorporated
herein by this reference.  At the time the petition was filed
petitioner resided in Dixon Mills, Alabama.

In March 2004, petitioner moved into Claudette Fowlkes'[2]
(Ms. Fowlkes) mobile home in Dixon Mills, Alabama.  The mobile
home was owned by Ms. Fowlkes' father, and a majority of the
household bills were in Ms. Fowlkes' father's name.  Ms. Fowlkes
has two children, TE and TG.[3]  Petitioner is not the biological

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

[2]Also referred to as Claudette Fowkes in the record.

[3]The Court will refer to the minor children by their
initials.

father of TE and TG, did not have custody of TE and TG in 2004, and was not married to Ms. Fowlkes in 2004.

Petitioner filed his 2004 Federal income tax return as head of household and claimed three exemptions, one for himself and dependency exemptions for TE and TG. Petitioner also claimed two child tax credits and an earned income tax credit.

The notice of deficiency was sent to petitioner on October 24, 2005. In the notice of deficiency, respondent: (1) Disallowed the dependency exemption deductions for TE and TG, (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly, (3) disallowed the child tax credits, and (4) disallowed the earned income credit. As a result, respondent determined a deficiency of $5,778. Petitioner timely petitioned this Court, and a trial was held on October 30, 2006, in Birmingham, Alabama.

OPINION

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See

Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such [factual] issue". The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). In the instant case, petitioner did not comply with the substantiation requirements and failed to present credible evidence at trial. Accordingly, the burden remains on petitioner.

I.   <u>Dependency Exemption Deductions</u>

Section 151 allows a taxpayer to deduct a personal exemption, as well as dependency exemptions for the taxpayer's dependents. See sec. 151(a), (c). Section 152, in 2004, defined "dependent", in pertinent part, to include "An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household". Sec. 152(a)(9). For an individual to be considered a dependent for the taxable year of the taxpayer, he or she must, inter alia, pass the following three tests: (1) The individual's gross income must be less than the exemption amount,

(2) more than half of the individual's support must be received from the taxpayer, and (3) the individual must have as his or her principal place of abode the home of the taxpayer and be a member of the taxpayer's household. Secs. 151(c)(1)(A), 152(a), (a)(9). The Court concludes that petitioner has not shown that he provided more than half of TE and TG's support for the calendar year.

"Support" is defined as including "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs. Section 1.152-1(a)(2)(i), Income Tax Regs., further provides:

> For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. * * *

In other words, the support test requires the taxpayer to establish the total support costs for the claimed individual and that the taxpayer provided over half of that amount. Archer v. Commissioner, 73 T.C. 963, 967 (1980); see Cotton v. Commissioner, T.C. Memo. 2000-333. Thus, a taxpayer who cannot establish the total amount of support costs for the claimed individual generally may not claim that individual as a dependent. Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, supra.

Petitioner, Ms. Fowlkes, TE, and TG all lived in a mobile home owned by Ms. Fowlkes' father. Ms. Fowlkes testified that she was unemployed in 2004, that TE and TG did not receive support from their fathers in 2004, and that petitioner's income was the sole source of income for her and her children in 2004. Petitioner and Ms. Fowlkes both testified that petitioner was responsible for making the mortgage payment and paying all household bills, even though the mortgage and a majority of the bills were in Ms. Fowlkes' father's name. However, Ms. Fowlkes also testified that in March 2004, when petitioner moved into the mobile home, "I was already paying the bills, trying and struggling, and my father was helping me." Petitioner and Ms. Fowlkes were unable to produce copies of checks, money orders, or receipts to substantiate their testimony, as Ms. Fowlkes said she had thrown the receipts away. Ms. Fowlkes explained that petitioner gave her cash, and she paid the mortgage and bills in cash.

The Court finds petitioner and Ms. Fowlkes' testimony to be credible as to the fact that petitioner, to his credit admirably, provided some support for TE and TG and contributed towards household bills. However, the record is devoid of any reference to the dollar amount of total support that TE and TG received, and the dollar amount of support that petitioner provided for TE and TG. Ms. Fowlkes testified that her father was helping her

pay her bills at least until March 2004 when petitioner moved into the mobile home. Petitioner has failed to provide the Court with any evidence establishing that he provided over half of TE's and TG's support during the 2004 taxable year. Accordingly, the Court is constrained to conclude that petitioner is not entitled to dependency exemption deductions for TE and TG for 2004.

## II. Head of Household Filing Status

Section 1(b) provides a special lower tax rate for an individual filing his Federal tax return as a head of household. Section 2(b) defines a "head of household" as an individual taxpayer who is: (1) Unmarried at the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 2(b)(1)(A)(i) and (ii). This Court has already concluded that petitioner is not entitled to dependency exemption deductions under section 151 for TE and TG. Accordingly, petitioner is not entitled to head of household filing status.

## III. Child Tax Credits

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. As relevant to these particular facts, a "qualifying child" means, among other things,

an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A). This Court has already concluded that petitioner is not entitled to dependency exemption deductions under section 151 for TE or TG. Accordingly, neither TE nor TG fits within the meaning of "qualifying child" as defined by section 24(c). The Court concludes that petitioner is not entitled to a child tax credit for either TE or TG.

## IV. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts used to calculate the credit. The limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a child, the taxpayer must establish that the child satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3)(A). Neither TE nor TG satisfy the relationship test as they are not the children, stepchildren, descendants, nieces or nephews, or foster children of petitioner. See sec. 32(c)(3)(B).

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for one or more qualifying children, he may be an "eligible individual" under section 32(c)(1)(A)(ii). For 2004, a taxpayer is eligible under this subsection only if his or her adjusted gross income was less than $11,490. Rev. Proc. 2003-85, sec. 3.06, 2003-2 C.B. 1184, 1187. Petitioner's adjusted gross income for 2004 was $18,830. Accordingly, petitioner is not eligible for an earned income credit.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered for respondent.